IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH L. HULSEBUS, | ) | 8:14CV70 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DONALD W. KLEINE, Douglas County Attorney, DIANE BATTIATO, Douglas County Register of Deeds, ROGER MORRISSEY, Douglas County Tax Assessor, TIMOTHY DUNNING, Douglas County Sheriff, JON BRUNING, Nebraska State Attorney General, JOHN W. EWING JR., Douglas County Treasurer, and GERALD E. MORAN, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on March 3, 2014. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §1915(e).

**I.      SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter against Douglas County Attorney Donald Kleine, Douglas County Register of Deeds Diane Battiato, Douglas County Tax Assessor Roger Morrissey, Douglas County Sheriff Timothy Dunning, Nebraska State Attorney General Jon Bruning, Douglas County Treasurer John Ewing, and Gerald Moran. (Filing No. 1 at CM/ECF p. 1.) Plaintiff's statement of his claim against Defendants is as follows:

> Private Property was taken without just compensation. Lots one and two block fifteen Carter Lake View, also known as 5224 N. 8th Street East Omaha, Nebraska. Plaintiff also suffered from a Physical invasion of the above mentioned private property, and after Plaintiff was locked out of the Property, the Home was looted. Beginning in 2003 thru 2009, Plaintiff served Defendants with Affidavits, ask[ing] for compensation, Plaintiff never received any response. Defendants violated the Public trust, and their Fiduciary Duty to Plaintiff.

(*Id.* at CM/ECF p. 2.)

As relief, Plaintiff seeks "Declaratory Judgment, Imposition of a constructive Trust, an Accounting, Disgorgement, Quo-Warranto, and Revocation of Corporate Charter." (*Id.* at CM/ECF pp. 4-5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient

to state a claim. See *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Plaintiff's Complaint fails to comply with the general rules of pleading set forth in Federal Rule of Civil Procedure 8. Rule 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, a complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp.*, 550 U.S. at 555)).

Here, the court cannot determine with any certainty Plaintiff's basis for suing Defendants. Indeed, aside from Plaintiff's general allegation that Defendants owed Plaintiff a "Fiduciary Duty," Plaintiff raises no claims and makes no allegations against them. Thus, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

On the court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against Defendants. Plaintiff should be mindful to explain what Defendants did to him, when Defendants did it, how Defendants' actions harmed him, and what specific legal right Plaintiff believes Defendants violated. If Plaintiff fails to file an amended complaint in accordance with this Memorandum and Order, Plaintiff's claims against Defendants will be dismissed without prejudice and without further notice. Accordingly,

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that clearly states a claim upon which relief may be granted against Defendants in accordance with this Memorandum and Order. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants will be dismissed without further notice.

2. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on July 21, 2014.

3. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal without further notice.

4. The court reserves the right to conduct further review of Plaintiff's claims pursuant to [28 U.S.C. § 1915(e)(2)](#) after Plaintiff addresses the matters set forth in this Memorandum and Order.

DATED this 18th day of June, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.