IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH L. HULSEBUS, | ) | 8:14CV70 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DONALD W. KLEINE, Douglas County Attorney, DIANE BATTIATO, Douglas County Register of Deeds, ROGER MORRISSEY, Douglas County Tax Assessor, TIMOTHY DUNNING, Douglas County Sheriff, JON BRUNING, Nebraska State Attorney General, JOHN W. EWING JR., Douglas County Treasurer, GERALD E. MORAN, and JULIE M. HANEY, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. On June 18, 2014, the court conducted an initial review of Plaintiff's Complaint. (Filing No. 6.) The court determined the Complaint did not state a claim upon which relief may be granted because Plaintiff had "raise[d] no claims and ma[de] no allegations against [Defendants]." (*Id.* at CM/ECF p. 3.)

Plaintiff filed an Amended Complaint on July 10, 2014. (Filing No. 7.) Plaintiff's Amended Complaint is difficult to decipher and, at times, nonsensical. As best as the court can tell, Plaintiff alleges Douglas County officials sold his real property "for public use" on October 28, 2009, and then failed to provide him with "just compensation." (*Id.* at CM/ECF pp. 3, 9.) Thus, liberally construed, Plaintiff's Amended Complaint is a civil rights action brought pursuant to 42 U.S.C. § 1983 for violations of the Takings Clause of the Fifth Amendment. *See Iowa Assurance Corp.*

v. City of Indianola, Iowa, 650 F.3d 1094, 1097 (8th Cir. 2011) ("The Takings Clause of the Fifth Amendment, made applicable to the States through the Fourteenth, provides that private property shall not be taken for public use, without just compensation.") (internal quotation marks and citation omitted).

"Section 1983 does not supply its own statute of limitations; instead, the court borrows the statute of limitations from state law." Mountain Home Flight Serv. Inc. v. Baxter Cnty., Arkansas, No. 12-3000, ---F.3d----, 2014 WL 3408812, at *5 (8th Cir. July 15, 2014). Under Nebraska law, the applicable statute of limitations for this action is four years. *See* Neb. Rev. Stat. § 25-207; Bridgeman v. Nebraska State Penitentiary, 849 F.2d 1076, 1077 (8th Cir. 1988). A court "may *sua sponte* dismiss a complaint, before service, when an affirmative defense, such as the statute of limitations, is obvious from the complaint." Anderson v. United Transp. Union, No. 4:09-CV-00136-WRW, 2009 WL 529920, at * 1 (E.D.Ark. Mar. 2, 2009) (collecting cases).

Plaintiff does not set forth the date upon which the alleged taking occurred. However, he alleges that a "tax sale" of the property occurred on October 28, 2009. (Filing No. 7 at CM/ECF p. 9.) If the taking occurred in October of 2009, absent equitable tolling of the limitations period, Plaintiff filed this action more than four years after the statute of limitations expired. Nebraska's tolling statute, Neb. Rev. Stat. § 25-213, provides that the limitations period may be tolled under certain circumstances, including for periods of mental disorder or imprisonment. However, Plaintiff has not alleged that he is entitled to equitable tolling of the limitations period. Accordingly, the court will direct Plaintiff to show cause why this action should not be dismissed as untimely based on the applicable statute of limitations.

IT IS THEREFORE ORDERED that:

2

1.     Plaintiff shall, within 30 days of this Memorandum and Order, file a response with the court in which he shows cause why this case should not be dismissed as untimely under the applicable statute of limitations. Absence a showing of good cause, this case will be subject to dismissal without further notice.

2.     Failure to comply as directed will result in dismissal of this case for want of prosecution.

3.     The clerk's office is directed to set the following pro se case management deadline in this matter: September 22, 2014: Plaintiff's response due.

DATED this 19th day of August, 2014.

BY THE COURT:

*s/ John M. Gerrard*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.