IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KENNETH L. HULSEBUS, | ) | 8:14CV70 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DONALD W. KLEINE, Douglas County Attorney, DIANE BATTIATO, Douglas County Register of Deeds, ROGER MORRISSEY, Douglas County Tax Assessor, TIMOTHY DUNNING, Douglas County Sheriff, JON BRUNING, Nebraska State Attorney General, JOHN W. EWING JR., Douglas County Treasurer, GERALD E. MORAN, and JULIE M. HANEY, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on its own motion. For the reasons discussed below, the court will dismiss this matter without prejudice.

## I. BACKGROUND

Plaintiff Kenneth L. Hulsebus ("Plaintiff") filed this action on March 3, 2014. (Filing No. 1.) On June 18, 2014, the court conducted an initial review of Plaintiff's Complaint and determined it failed to comply with the general rules of pleading. (Filing No. 6.) The court gave Plaintiff 30 days in which to file an amended complaint that sufficiently described his claims against the defendants.

Plaintiff filed an Amended Complaint (Filing No. 7) on July 10, 2014. On August 19, 2014, the court ordered Plaintiff to show cause why this action should not

be dismissed as untimely based on the applicable statute of limitations. (Filing No. 8.) Plaintiff filed a response (Filing No. 9) on August 26, 2014.

## II. DISCUSSION

Taken together, Plaintiff's pleadings are difficult to decipher. As best as the court can tell, Plaintiff is the former owner of private property at "Lots (1) and (2) block fifteen (15) Carter Lake view also known as 5224 North 8th Street in Omaha, Nebraska" (hereinafter referred to as "the property"). (Filing No. 7 at CM/ECF p. 3.) At some point, for reasons not explained in the pleadings, the property "was taken by registration with Douglas County[,] Nebraska." (Filing No. 7 at CM/ECF p. 3.) Although unclear, it appears from the pleadings that the property may have been sold at a tax sale in 2009 to recover delinquent taxes. (*See* Filing No. 7 at CM/ECF pp. 4-9.)

Beginning in 2003, Plaintiff began serving various notices concerning the "taking" of this property on the named defendants. An attachment to Plaintiff's pleading dated August 26, 2014, reflects that the property was sold by the Douglas County Sheriff on December 2, 2009. (Filing No. 9 at CM/ECF p. 4.) Apparently, Plaintiff failed to leave the property following the sheriff's sale because, on January 27, 2011, a state district court ordered him to deliver possession of the property to the investment company that had purchased the property on December 2, 2009. (*See* Filing No. 9 at CM/ECF p. 4.)

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). In addition, a complaint must state "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Mere conclusory statements are insufficient to support a claim for relief. *Id.*

Here, even taking into consideration Plaintiff's pro se status, the court concludes that Plaintiff's allegations are insufficient to state a claim for relief under the Takings

Clause. Most of Plaintiff's allegations are nonsensical, and those allegations the court can decipher do not allow the court to draw the reasonable inference that any of the named defendants took Plaintiff's private property for public use without just compensation. Other than Plaintiff's blanket assertion that he received no "just compensation" following the tax sale of the property, Plaintiff offers no facts to support his claim.

Separately, even if Plaintiff had stated a plausible claim for relief under the Takings Clause, it is obvious from the face of the complaint that Plaintiff filed this action after the statute of limitations expired. Under Nebraska law, the applicable statute of limitations is four years. *See* Neb. Rev. Stat. § 25-207; *Bridgeman v. Nebraska State Penitentiary,* 849 F.2d 1076, 1077 (8th Cir. 1988). Plaintiff, even after being given an opportunity to do so, failed to allege a date upon which the alleged taking occurred. However, he did set forth that he began serving "notice of the taking" as early as December of 2003. (*See* Filing No. 7 at CM/ECF p. 3.) Even assuming the "taking" of which Plaintiff complains occurred at the sheriff's sale of the property on December 2, 2009, Plaintiff did not file suit within four years of this date.

IT IS THEREFORE ORDERED that: For the reasons set forth above and in the orders dated June 18, 2014, and August 19, 2014, this matter is dismissed without prejudice. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 16th day of October, 2014.

                                              BY THE COURT:

                                              s/ John M. Gerrard
                                              United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.